James E. Torgerson (Bar No. 8509120)
Connor R. Smith (Bar No. 1905046)
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: 907.277.1900
Facsimile: 907.277.1920
jim.torgerson@stoel.com
connor.smith@stoel.com

Karin D. Jones (Bar No. 1607064)
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 386-7598
karin.jones@stoel.com

Attorneys for Plaintiff Chugach Electric Association, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHUGACH ELECTRIC ASSOCIATION, INC.,<br><br>                Plaintiff,<br><br>  v.<br><br>HAL HALPERN,<br><br>                Defendant. | Case No.: 3:22-cv-00118-HRH |

**COMPLAINT FOR DECLARATORY RELIEF**
**(28 U.S.C §§ 2201–2202)**

Chugach Electric Association, Inc. (Chugach) files this Complaint for Declaratory Relief against Hal Halpern (Halpern) and alleges as follows:

*Chugach Electric Association, Inc. v. Hal Halpern*
Case No. 3:22-cv-00118-HRH                1

## SUMMARY OF ACTION

Shortly after Chugach entered into an employment agreement (Employment Agreement[1]) with Halpern to serve as its Chief Executive Officer (CEO), Chugach determined that it was necessary to terminate his employment for cause. Halpern has indicated he disagrees with Chugach's decision. The Employment Agreement includes an agreement to arbitrate (Arbitration Agreement[2]) requiring that any disputes arising under the Employment Agreement must be arbitrated in Anchorage, Alaska. Chugach requests declarations that (i) there is a valid and binding arbitration agreement between the parties; and (ii) the question of whether claims between Chugach and Halpern fall within the scope of the Arbitration Agreement is a question for the arbitrator.

## PARTIES

1. Chugach is a not-for-profit, member-owned electric cooperative registered in Alaska, and in good standing. Chugach is qualified to bring and maintain this action.

2. Defendant Hal Halpern is a natural person residing in the State of Minnesota.

---

[1] March 8, 2022, Employment Agreement between Chugach and Halpern is attached as Exhibit 1.

[2] Employment Agreement, Ex. 1, at 10.

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C §§ 2201–2202, Chugach seeks a declaratory judgment, declaring the rights and legal relations of the parties as to the Employment Agreement and Arbitration Agreement.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because this dispute arises between (a) citizens of different states, (b) the amount in controversy exceeds $75,000, and (c) Chugach requests a declaratory judgment pursuant to 28 U.S.C §§ 2201–2202 in a case of actual controversy.

5. The United States District Court for the District of Alaska has personal jurisdiction over the parties.

6. Venue is proper in the District of Alaska under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Chugach's claims and the underlying dispute occurred within this District.

## FACTUAL ALLEGATIONS

**A.   The Employment Agreement**

7. On March 8, 2022, Chugach and Halpern entered into an Employment Agreement.[3] That agreement states Chugach's desire to employ Halpern as CEO of Chugach on the terms and conditions set forth in the Employment Agreement and

---

[3] Employment Agreement, Ex. 1, at 1.

*Chugach Electric Association, Inc. v. Hal Halpern*
Case No. 3:22-cv-00118-HRH        3

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

Halpern's desire to be employed by Chugach on the terms and conditions of the Employment Agreement.[4]

8. Under the Employment Agreement, the term of Halpern's employment began on March 8, 2022, the effective date of the agreement.[5] Under the agreement, the term of Halpern's employment would continue until the third anniversary of the effective date, unless terminated earlier pursuant to Section 4 of the Employment Agreement.[6]

9. Section 4 of the Employment Agreement provides for the termination of the Employment Agreement by Chugach or Halpern.[7] It states that Halpern's employment under the Employment Agreement may be terminated by either Chugach or Halpern at any time for any reason.[8] Section 4 also sets a "Probationary Period," during which Halpern's employment can be terminated without cause (as defined therein) by Chugach or for good reason (as also defined therein) by Halpern within three (3) months from the effective date of the Employment Agreement.[9]

B. **The Arbitration Agreement**

10. One of the terms and conditions in the Employment Agreement was an agreement to arbitrate any and all disputes arising under the Employment Agreement.

---

[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.* at 3.
[8] *Id.*
[9] *Id.*

*Chugach Electric Association, Inc. v. Hal Halpern*
Case No. 3:22-cv-00118-HRH  4

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

**Section 21. <u>Arbitration</u>.** provides that "[a]ny and all disputes arising under [the Employment Agreement] shall be submitted to a mutually agreeable arbitrator in Anchorage, Alaska in accordance with the Commercial Rules of the American Arbitration Association then in effect or such other mutually agreeable rules."[10] The parties agreed that any determination by an arbitrator regarding any dispute submitted for arbitration would be final and binding upon the parties.[11] The parties knowingly waived any and all rights to a trial by jury or by a court of law or equity, and they agreed that judgment upon any arbitration award may be entered in any court of competent jurisdiction.[12]

11. By expressly incorporating the American Arbitration Association (AAA) Rules into the Arbitration Agreement, the parties clearly and unmistakably expressed their intent to delegate the question of the scope of the Arbitration Agreement—including the arbitrability of any dispute—to an arbitrator.[13]

### C. The Dispute

12. On April 1, 2022, Chugach provided notice to Halpern that it was terminating the Employment Agreement.

13. On April 13, 2022, acting through counsel, Halpern sent Chugach a demand letter contesting Chugach's termination of his employment.

---

[10] *Id.* at 10.
[11] *Id.*
[12] *Id.*
[13] *See id.*

*Chugach Electric Association, Inc. v. Hal Halpern*
Case No. 3:22-cv-00118-HRH          5

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

14. In a later letter, on May 2, Halpern indicated that in the absence of a negotiated resolution he would initiate litigation in the federal District Court in the District of Minnesota.

## FIRST CAUSE OF ACTION
**(For Declaratory Judgment)**

15. The allegations in the previous paragraphs are realleged and incorporated by reference.

16. Title 28 U.S.C. § 2201 provides that in a case of actual controversy within its jurisdiction, any court of the United States "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

17. An actual, present, and justiciable controversy has arisen between Chugach and Halpern concerning the rights and legal relations between the parties pursuant to the Employment Agreement and Arbitration Agreement, including over the proper forum and jurisdiction in which Halpern's claims must be decided.

18. This dispute is ripe for adjudication and no subsequent event or passage of time will vary the meaning of agreements or in any way affect the validity of the requested declaratory judgment.

19. Accordingly, Chugach seeks declaratory judgment from this Court that (i) the Arbitration Agreement is a valid and binding arbitration agreement between the

parties, and (ii) the question of whether claims between Chugach and Halpern fall within the scope of the Arbitration Agreement is a question for the arbitrator.

20. A judicial declaration is necessary and appropriate at this time so that Chugach may ascertain its rights, duties, and obligations under the agreements and proceed appropriately with the resolution of the dispute with Halpern.

## PRAYER FOR RELIEF

**WHEREFORE**, Chugach respectfully requests an Order and Judgment against Halpern:

A. Declaring that (i) the Arbitration Agreement is a valid and binding arbitration agreement between Chugach and Halpern, and (ii) the question of whether claims between Chugach and Halpern fall within the scope of the Arbitration Agreement is a question for the arbitrator.

B. Awarding Chugach its attorneys' fees, costs, and disbursements, plus interest; and

C. Such other and further relief as the Court deems just and proper.

DATED: May 4, 2022      STOEL RIVES LLP

By:/s/ James E. Torgerson
    James E. Torgerson (Bar No. 8509120)
    Karin D. Jones (Bar No. 1607064)
    Connor R. Smith (Bar No. 1905046)

*Chugach Electric Association, Inc. v. Hal Halpern*
Case No. 3:22-cv-00118-HRH      7

**STOEL RIVES** LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

Case 3:22-cv-00118-HRH    Document 1    Filed 05/04/22    Page 7 of 7